May it please the court, today this court faces a novel question whether the public records exception of the respective title insurance policies should be limited to just one Idaho statute, referencing the recording of conveyances of real property, when the policies, the definition of the policies, clearly covers all matters relating to real property for which there has been constructive notice. And there is another term as well, statute, with an S, creating the possibility for more than one statute. Next question, are you relying on the, what is it that we're trying to get in here? Is it the ordinance, the 2006 ordinance that limited the use of this road, or is it the creation of the road, the maps that show this road? I would say both, and I know that the respondents are trying to tie the two together, but they really are two separate types of liens or impacts on that property. And as we noted in the briefing. I mean, it seems to me that your argument is much more colorful with regard to the first and the second. I mean, because the first one, the map, I mean, there's a statute, it says you're supposed to be a record of the map. Not only that, but it is a property interest, it's an easement. So it seems like a fairly easy movement to say, well, if it covers anything other than the title recording provisions, it covers this. The ordinance seems a lot harder, because at that point, you could do any ordinance. Well, although I would suggest that the court take a look at the statute involving ordinances which impact private property, because there is a... Any zoning ordinance? What's that? Every zoning ordinance. Zoning ordinances may apply to that, but it could be any ordinance. Exactly, so now you have the title insurance company covering every regulation of land. That's a much harder argument, it seems to me, than the argument that it at least covers an easement for a road which is recorded on a map that is required to be a publicly available map. Yes, but I will say that it's not unusual to have an ordinance that may not be zoning, but which is going to affect private property and have that be recorded. But I don't understand. Every statute, every ordinance, in the sense that you're talking about it, is recorded in the sense that it appears someplace on a public record and somebody can find it. So I don't understand whether you're agreeing that it applies to every zoning ordinance or not. Yes, it does? I do not believe it applies to every zoning ordinance. Why not? Well, because zoning has to do with use of property. An ordinance which restricts property and is specific to that property... What zoning does that? I mean, I don't get it. Is this ordinance specific to this property or it says the following roads will be closed in the wintertime? That's exactly what Bannock County is arguing. Well, not arguing, but that's what they plan. They're alleging that this specific 2006 ordinance shuts that road down for six months. That road. That road and other roads? That road and other roads. The zoning ordinance says this property, another property, you can only build a one-story house on. That's pretty important for somebody who's going to buy the house. Yeah, I really don't... If you can't encompass that, then you don't have an argument, it seems to me. Well, again, I would just suggest that the court take a look at the statute that we referenced with regard to how ordinances... I'm really confused. Aren't zoning ordinances promulgated in the same way and recorded in the same way and announced in the same way? Not necessarily. Not necessarily. I mean, there's a separate process for that. And that's not addressed in this case because that's not the case. All I can do is go to the applicable statute wherein... Right. What statute are we talking about? It's Idaho Code... 31-714? Yes. That's what I would suggest that the court take a look at. 31-716 as well. All it says is that you can have ordinances. All right. Well, in 715 and 716, it gets into issues involving when a legal description of real property is involved. And that's another key term, too. We're not talking about a zoning affects a certain area. This has to do with when a legal description of real property is involved. The notice shall include the street address or address of the property described. If any, in the case of descriptions covering one or more street addresses, the street address of the corners of the area. Maps may be substituted for written legal description of property. And I would note, Your Honor, that the instrument, that 2006-1-1 has an instrument number on it suggesting that it was recorded. That it was recorded. So, again, this is a little bit different animal than your typical zoning ordinance. We're addressing here regulations that, in effect, encumber property to which there are legal descriptions which are published. And I would have to say that construing the insurance policy terms broadly, that should be covered. And, you know, I think I always have to remind myself in the court that what we are dealing with is a duty to defend. Whether Bannock County's allegations are correct or not doesn't really matter here at this junction. Because all we are seeking at this point is for the insurers to step up and defend their insurers against these allegations. So, we have to go purely based on what Bannock County has alleged in their complaint. So, let me move on here. We've talked about the ordinance. I want to take a look at the clock here. Talked about the steward? The claim against the steward company? Yes, which one? They're both very similar, except there's a different provision in this jurisdiction. Yeah, the other. Yeah, and that wasn't addressed by the court. So what? That's why I briefed it. And, again, in looking at that provision broadly and with favorable interpretation towards the insured, it should be narrowly confined. It shouldn't be a catch-all for anything that has to do with a road that a particular government entity is laying claim to. Why not? That's what it says. Why isn't it an interest of the public on premises falling within the bounds of a road? They're saying, we can close this road because of the public interest. Well, but, again, in particular in the case of the ordinance, it's affecting much more than what can happen on that road. But it also impacts Munden's use and access to the property, which is covered under the title policy. So in that regard, it's more than just protecting a public interest. It is an impact upon Munden's title to the property. There are those nine provisions of coverage and access, marketability. All of those things are most certainly impacted when you're talking about that ordinance. Well, but we're not talking – the language, though, the things that you were just saying about how important access is, those would equally apply if the government says, we own the road, and you can't use it at all. The exclusion is not talking about overcoming marketability. It says, we're not going to defend you where the government has right, title, or interest. So it could be anything from complete title to an interest, right? That's the language of the policy, not the – that's the language of the exception. Just to the bounds of the road, period, just to – but anything beyond that. Because, again, if you have an ordinance or some other impediment that impacts any one of those nine conditions, that's covered. So that special exception – So what effect would the exception have? It seems to me that any assertion of right, title, or interest that's litigable will affect one of those things. Well, I think that – I think the exception would apply to simply to the public's access, period. Let me ask the question this way. Why does not that exception apply in this case? It doesn't apply for all the reasons that we state in our briefing. But I think from an – the overall perspective on it is that the coverage that the Mundins are seeking goes beyond the meets and bounds of that road. And it goes beyond the public's right to access. Just a minute. But the rights the county is presumably exercising are within the meets and bounds of that road, right? The – What else is there? Well, it goes beyond that. I mean, they're using that as a justification for their ordinance and their restrictions. All I'm saying is that – But all they're restricting is the road. They're not restricting anything else. Yeah. They are restricting the Mundins' access to the property. I think – here's how I would see it. But they're restricting it by exercising their right within the right of way of the road. Let me give you an example of how I think this exception would work. If Mundins filed a claim suggesting that they can cut off public access to that road and that the title insurers should defend them for that, then I believe that exception would apply. That's it. That's not the case that's being brought by Bannock. They are trying to shut down Mundins' use to that road, to that titled road. That road is actually not anywhere within the legal description of the insured policy. And so it's a different claim. It's a different claim if they were trying to get the title company – Well, it doesn't have to be because of the very provision in the policy about public records. Well, again, that's a good point too because I think that if it's a public record and it's a matter that's been – to which there's constructive notice, I think it covers that too, special exception six. So either way you slice it, I go back to the basic terms of that policy. Not a lot of authority out there, but I thought the Woodlock case out of South Carolina gave a very reasoned analysis about how it's the insurance companies that write the policies. And they can't expect themselves to escape from it and to find other exceptions that aren't in there. So I'll reserve the balance of my time. Yes, I understand you're splitting the argument. I always advise strongly against splitting arguments. In this instance, maybe you have a reason. I assume that the steward title company lawyer is going to restrict his argument to the specialist steward title company case, which I hope so. Mr. Cleverley. Thank you, Your Honors. My name is Matthew Cleverley, and I represent Fidelity Title in this case. I'm sorry, Chicago Title. I'll be taking up a few minutes, and I will be reserving time for Mr. Neal to argue and address the court-specific questions about the steward title claim and the steward title exception that the court has. This is not a unique case. While it's a first impression for the Ninth Circuit, the case itself is not unique. This issue has been addressed by state courts, by the Idaho Supreme Court. It still seems like an incredible tour de force to take this language and say that it applies only to some particular statute or a particular type of statute when it doesn't say that at all. I mean, I don't understand why, if that's what they meant, it isn't what they said. The policy? Yes. The policy doesn't say anything about it being limited to the title recording statutes in particular. It's much broader than that. The policy says that it applies to records recorded under state law for purposes of giving notice to third parties under a bona fide purchaser status. And that's where you get into the question of what does Idaho say about what statutes are used for the purpose of recording interest in real estate to give notice to third parties of claims. It doesn't say for the purpose of giving notice, of conveying real estate. The language is about... Relating to real property, right? Word conveyance isn't there. It's matters relating to real property, which a map of where the road is and road closures would seem to be matters relating to real property, wouldn't they? Again, the answer is those are matters, but those are not constructive notice matters that are giving third parties notice of a particular interest in this property. But let's take the statute that deals with mapping roads, 40-20202, right? There's a whole set of provisions about you have to have a map, and it has to be recorded. It uses the word recorded, and it has to be available to the public. And not only that, but the map... I mean, when you have a public road, that's an easement, so it's a property interest directly. It's not just a regulation like a zoning ordinance or even a closure ordinance. It's an easement. How could that not be covered? Because that is an easement that's created by statute, not by recording. But the regulation says statutes. It says recorded pursuant to a statute. That was recorded pursuant to a statute. But it wasn't recorded in the sense of providing notice to a third party. That provides general public notice. But we're not talking about specific notice to a property owner who's purchasing the property and relying on the public record. And that's where we get into... If you bought a house, you were buying some land, and there's a road running through it, and you wanted to know whether that was a road that was owned by the person who was selling the property or by the government, you'd ask a lawyer, and he'd say, Oh, under 202, you just go to this record which has maps of roads, and you can find it, and then you'll know if the government has an easement. Don't you have to know if the government has an easement? No, I think because you can go to and find whether or not that road is on the road map or ask the county road department about that road. That's your inquiry notice that you'll ask. The same question that the court was asking about the zoning ordinance. It's apparently publicly available, right? The statute requires that it be recorded, right? No. It doesn't? It uses the word record, as I recall. Highways laid out, recorded, and opened, as described in Section 2 of this section, by order of the Board of Commissioners, etc. And there may be records of that, but those are not the types of records that are talked about in the recording statute. Those are simply records that get recorded with the commissioners. Not only that, but the question is, where does that get recorded? The road statute doesn't say that it gets recorded with the auditor's office or the recorder's office to become public record. How do you get out of the language? I understand that you may have assumed that that's what the language in the statute says, but given the assumptions about determining it against the drafter and using common language, how would you get that out of the language that's in the policy? Now, I think, as I said to your opponent, I think the question of the ordinance closing land, you have a stronger argument, but as to the maps and the road, the existence of the road, I don't understand it. Well, again, also the fact that this road map is not and was not recorded. If the court looks at the argument... What does recorded mean in English? That means recorded with the public recorder's office attached to a piece of property. I'm going to pass the rest of the time over to Mr. Neal. May it please the court. My name is Tyler Neal, and I represent Stewart Title Guarantee Company. I will restrict my argument to the Special Exception 4, which in this case is unique to the Stewart Title policy. Essentially, in claiming that Special Exception 4 does not apply, the Mundins are attempting to create an ambiguity in this language where one doesn't exist. As stated by the Utah Supreme Court in First American Title Insurance Company v. J.B. Ranch, which is cited in our joint answering brief, policy terms are not necessarily ambiguous just because one party seeks to endow them with a different interpretation according to his or her own interests. Special Exception 4 excludes coverage for loss or damage, which arises by reason of the right title and interest of the public and into those portions of the above-described premises falling within the bounds of roads or highways. As the court pointed out, the county's claim is restricted solely to the bounds of the road. In the Mundins' case with Bannett County, the county is asserting that the public has the right title and interest to Garden Creek Road, and the clear and unambiguous language of this exception excludes coverage. In their briefing, the Mundins make three arguments as to why this exception should not apply, but all three go against the plain meaning of the language contained in the exception. The first is that the Mundins claim that because they aren't the ones claiming a public interest in the road, the exception does not apply. Simply put, nothing in the language of the exception limits the exception only to claims by the insured to protect a public interest. Essentially, by claiming so, the Mundins are adding limiting language to the exception, which does not exist. Second, they claim that the exception does not apply because the legal description and the policy does not describe the road. In regard to that, the plain language of the exception, again, makes it clear that this is without merit. The road, the exception refers to the above-described premises, which would be the insured property here. The road at issue goes in and to the insured property, and therefore falls within the exception. And nothing in this exception requires that there be a legal description of the road contained in the policy for it to apply. And this is made further clear by the term in and to, where roads leading to the property would not be included in a legal description of the insured's property. Can I ask a question which binds the two issues together? Doesn't the existence of the special exception in the Stewart policy indicate with regard to the general exceptions that otherwise these things would be covered? I'm sorry. Doesn't the existence of the special exception for the right to have an interest in the public in roads suggest with regard to the general exceptions that the records provision doesn't exclude the kind of reporting of roads that ordinarily occurs? In other words, why have this exception if it would otherwise be accepted anyway? Well, in this case, the other issue is whether the county's interest was recorded or not in the public records, and the special exception does not require that. Here, the Advantage County's claim falls directly within this. It's in litigation right now as to whether Advantage County has the right title and interest, but the fact that they're claiming that kicks into effect this special exception 4 where their claim to the right title and interest of the public in the road falls in there, and it would be regardless of whether Advantage County is claiming it through a public record or, in this case, by virtue of being on a map and dating back to 1958. And going back to the importance of the phrase, in and to the property, it's important that there is no legal description for, there wouldn't ever be a legal description for a road that is not contained within the property, and therefore it's not required in order for this special exception to apply. And finally, the mundane third argument that the special exception doesn't apply to the attempted enforcement of a county ordinance. The county's attempts to enforce an ordinance is the county asserting its right title and interest to the road. The county is claiming that the road is a public road, and therefore the county can enact and enforce ordinances related to the public road, and therefore any claimed loss or damage by the abundance arose by reason of the public's right and interest in that road. And as such, special exception 4 excludes coverage for the county's enforcement of ordinances related to the road as well. I will pass my time back unless the court has any questions. Before I do, let me ask a question, maybe this is curiosity, but do you know of any other interest in land or defect in title, or any other interest in land that would affect a property holder's property other than a road that's not recorded in the regular county recorder, deed recording system? Is there any other interest like that? Or any other? Off the top of my head, I could think of, as was discussed earlier, possibly zoning ordinances which would affect what you're... Those aren't interests in land in the same sense. I mean, a road is an easement. It's a property interest. I understand that. And I guess in that sense, they are different, and I may be struggling to think of another type of prescription, but this special exception is clear and unambiguous, and it excludes coverage for this very issue. There may be other types, and there may not be other types of restrictions which would limit the use. Those aren't really addressed in this policy, but this specific one is. Okay. Thank you very much. John, you have 49 seconds if you want them. Thank you. I had misread the clock earlier. I think the important thing here is not whether or not there's an interest in land, but how that interest in land is created. And the interest in land created, if the previous owners had deeded the roadway to Bannock County or drafted and created an easement to Bannock County, then that would be something that would be recorded. The fact that Bannock County created a road based on statute is different than if it were simply a conveyance of property that would be otherwise recorded. Bannock County's interest arises as a matter of law and as a matter of statute, not as a matter of real estate conveyance. You mean that the county can just come onto my property and decide they're going to build a road and they don't have to pay me anything for the easement or consider it an easement or anything? They can just come into my front yard and say I'm building a road? Under Idaho statutes, there's the five-year establishment statute. The answer is yes. Well, if somebody's using the road, but they can't just show up and say here's a road. No, and that would be different. But this is an obvious and apparent use of this roadway. Well, you don't know that. I don't know that. I don't know how it came to be. I don't think, I think that the, I understand the court's question on that. Thank you, Your Honors. Thank you very much. Okay, thank you both for your arguments. The case of Munden v. Stewart Paddle Guarantee and Chicago Tidal Parentee. Financial insurance is submitted and we are in recess. Thank you very much.
judges: Boggs, Tashima, Berzon